IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. HURLBERT, | ) | |
|     Petitioner, | ) | Civil Action No. 13-140 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| COMMONWEALTH, et al., | ) | |
|     Respondents. | ) | |

**OPINION AND ORDER**[1]

Before the Court is a petition for a writ of habeas corpus filed by Donald J. Hurlbert pursuant to 28 U.S.C. § 2254. [ECF No. 1]. Because he was not "in custody" at the time he filed the petition, this Court lacks subject matter jurisdiction and, therefore, the petition must be summarily dismissed. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases.

**I.**

**A.**    **Discussion**

Hurlbert commenced this case on May 21, 2013, by filing a petition for a writ of habeas corpus on the standard form for petitions filed pursuant to 28 U.S.C. § 2254. He filed it because he anticipated that he might in the future be subject to jail time. Specifically, Hurlbert stated that he is challenging a judgment entered in "Magisterial District Court 06-2-02" for "criminal contempt" and "Public Drunkenness and Similar Misconduct," and that he believed that a magisterial district judge was going to sentence him to a jail term of 11 days. On the form where he was asked to name his "Place of Confinement," Hurlbert wrote: "County Jail, presumably." When asked for his prison number, he wrote: "unknown." He did not state that he is being held in the custody of any state or local official, and the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the petitioner has voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

return of address that he provided is that of a private residence and not that of any prison or correctional institution. Where he was asked to identify the "authorized person having custody of" him, he wrote the "Commonwealth of Pennsylvania," and not, for example, a prison warden or a parole officer.

28 U.S.C. § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). See also id. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person **in custody** pursuant to the judgment of a State court shall not be granted unless it appears that … ") (emphasis added). In light of this language, the Court of Appeals for the Third Circuit has declared that "the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody'[.]" United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971). It explained:

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a "person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Indeed, in the seminal case of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize: "The jurisdictional prerequisite is not the judgment of a state court but detention *simpliciter*." 372 U.S. at 430, 83 S.Ct. at 844. Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal habeas jurisdiction.

Id. at 560 (footnote omitted). See also Brian R. Means, Federal Habeas Manual § 1:3 (May 2013) ("The custody requirement is jurisdictional.") (citing, *inter alia*, Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*)).

Importantly, as the Court of Appeals for the Third Circuit has explained, "[i]n making a custody determination, **a court looks to the date that the habeas petition was filed**." Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997) (citing Carafas v. LaVallee, 391 U.S. 234, 238-40

2

(1968)) (emphasis added). See also Federal Habeas Manual § 1:4 ("In order to satisfy the custody requirement, **the petitioner must be in custody at the time the petition is filed in federal court**. Spencer v. Kemna, 523 U.S. 1, 7 (1998). This requirement is strictly enforced. Scanio v. United States, 37 F.3d 858, 86-61 (2d Cir. 1994)." (emphasis added)).

The petition demonstrates that Hurlbert was not in prison when he filed it, and that he commenced this proceeding because he anticipated that at some later date he would be sentenced to an 11-day sentence. Thus, the Court must conclude that Hurlbert was not "in custody" within the meaning of 28 U.S.C. § 2254 on the date he filed the petition and, therefore, this case must be dismissed for lack of jurisdiction.

### B.     Certificate of Appealability

28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find debatable the Court's procedural ruling. Accordingly, a certificate of appealability will be denied.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is summarily dismissed and a certificate of appealability is denied. An appropriate Order follows.

|  |  |
|---|---|
| Dated: July 16, 2013 | /s/ Susan Paradise Baxter<br>SUSAN PARADISE BAXTER<br>United States Magistrate Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD J. HURLBERT,** | ) | |
| Petitioner, | ) | Civil Action No. 13-140 Erie |
| | ) | |
| v. | ) | |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **COMMONWEALTH, et al.,** | ) | |
| Respondents. | ) | |

## ORDER

AND NOW, this 16th day of July, 2013;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED and a certificate of appealability is DENIED.

The Clerk of Courts is directed to close this case.


    /s/ Susan Paradise Baxter
    SUSAN PARADISE BAXTER
    United States Magistrate Judge